UTICA,
August, 1829.

Swift
v.
Kelly.

PINNEY *vs.* JOHNSON and JOHNSON, administrators, &c.

THE default of the defendants for not pleading, and all subsequent proceedings on the part of the plaintiff, were set aside at the last February term, and the plaintiff ordered to pay the costs of the motion, which were taxed at $18 02. And now, shewing a demand and refusal to pay the same, that the plaintiff is insolvent and confined to the gaol limits of the county of Herkimer, a rule was asked for, that all further proceedings in the suit, on the part of the plaintiff, be stayed until the payment of the costs ordered as above.

*A party will not be stayed in the prosecution of his suit, until the costs of an interlocutory order be paid.*

*D. Burwell,* for defendants.

*G. H. Feeter,* contra.

*By the Court,* MARCY, J. This rule cannot be granted. The court restrains parties from the prosecution of a *second* suit for the same cause, until the costs of the first suit be paid; but never stays the prosecution of a suit, until the costs of an interlocutory order, made in the progress of the suit, be paid. The motion, therefore, is denied.

---

## SWIFT *vs.* KELLY.

IN this case the taxation of a bill of costs was in question; and there being some doubt whether the bill did not come before the court by submission of parties, instead of appeal from a taxing officer, the court said that they would not pass upon a bill, until after it had been taxed by a proper officer.

*The court will not pass upon disputed items in a bill of costs, until after taxation; a bill will not be received on submission.*